IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MELVIN BRECHT,

                    Plaintiff,                3:12-cv-01014-AA

                      v.                    ORDER

FLOYD BURKETT, et al.,

                    Defendants.

AIKEN, District Judge.

Plaintiff, an inmate at the Idaho Correctional Center in Boise, Idaho, filed a complaint under 42 U.S.C. § 1983 alleging violations of his civil rights arising out of his request to be provided with medical records for a period of time he was incarcerated in Oregon.

The relevant facts to be as follows:

In 2007, plaintiff's attorney requested that the Oregon Department of Corrections provide plaintiff with copies of his

1 - ORDER

Oregon prison medical records.

By letter dated March 7, 2007, defendant Burkett responded with a request for the statutory fee for such records and "a valid authorization" to be returned within 45 days.

By letter dated May 8, 2007, plaintiff's attorney requested additional records regarding the time period of 1968 - 1971. Defendant Burkett responded:

> We have completed an extensive search in the vault area of Offender Information Sentence Computation (OSCI) and the Medical Records have not been located.
>
> I have e-mailed to the other State of Oregon Correctional facilities asking that they check to ensure they do not have these additional Medical Records.
>
> In addition, I have checked with our mail-room and they do not have any Medical Records.
>
> I am sorry for this delay. Please be assured as soon as the Medical Records are located, I will have them copied and delivered immediately without any additional charge.

By letter to defendant Burkett dated March 25, 2012, plaintiff inquired about the status of his records request and requested that they be sent to him immediately.

By letter dated April 5, 2012, defendant Burkett informed plaintiff that the records had been found but that a new release was required. He enclosed a blank

*Authorization to Use and Disclose Health Information* and an invoice for $19.75 for the costs of providing copies.

By letter dated April 16, 2012, plaintiff wrote defendant Burkett stating *inter alia:*

> This was 5 years ago Mr. Burkett and you did not send me copies like (you) stated you would until I wrote you the last letter March, 2012 and now you want to charge me $19.95 for them also.

On April 19, 2012, defendant Burkett wrote plaintiff explaining why a newly executed medical release was necessary and enclosing a blank authorization form and a copy of the invoice marked **"No charge."**

Subsequently, defendant Burkett received two signed *Authorization to Use and Disclose Health Information* forms dated April 30, 2012 and May 30, 2012.

On June 21, 2012, defendant Burkett wrote plaintiff explaining that the authorizations were invalid because plaintiff limited the authorization to April 21, 1969 to May 25, 1971. The letter re-iterated that the records would be provided without charge, but by law they could not be provided without an updated authorization. He enclosed a blank authorization form and included a "post-it" note instruction to leave the "authorization period of time" blank.

On July 19, 2012, defendant Burkett received a

properly executed and signed *Authorization to Use and Disclose Health Information* dated June 25, 2012.

On August 13, 2013, defendant Burkett sent copies of the requested medical records to plaintiff without charge.

Plaintiff filed his complaint in this action on June 5, 2013. Plaintiff alleges that the delay in receiving the medical records constituted "cruel and unusual punishment, deliberate indifference," denied him access to the courts and denied him proper medical treatment. Plaintiff seeks damages for the alleged violations as well as for the associated "mental anguish."

Defendants have moved for summary judgment on various grounds. Motion for Summary Judgment (#26).

Plaintiff alleges that defendants were deliberately indifferent to his serious medical needs because they did not immediately send his medical records when they were located.

In order to prevail on a 42 U.S.C. § 1983 claim that medical treatment has been denied or inadequately rendered, a prisoner must establish that there has been a "deliberate indifference to [his] serious medical needs." Estell v. Gamble, 429 U.S. 97, 104 (1976); Hudson v. McMillian, 503 U.S. 1 (1992); Snow vMcDaniel,

681 F.3d 978, 985 (9th Cir. 2012); Lopez v. Smith, 203
F.3d 1122, 1131 (9th Cir. 2000); see also, Clements v.
Gomez, 298 F.3d 898, 904 (9th Cir. 2002). A determination
of "deliberate indifference" requires an examination of
two elements: 1.) the seriousness of the prisoner's
medical needs, and 2.) the nature of the defendants
response.    To find deliberate indifference, "[a]
defendant must purposefully ignore or fail to respond to
a prisoner's pain or possible medical need." McGuckin v.
Smith, 794 F.2d 1050, 1060 (9th Cir. 1992) (overruled on
other grounds by WMX Techs., Inc. v. Miller, 104 F.3d
1133 (9th Cir. 1997)). The subjective standard of
deliberate indifference requires "more than ordinary lack
of due care for the prisoner's interest or safety" – the
state of mind for deliberate indifference is subjective
recklessness.   Farmer v. Brennan, 511 U.S. 825, 835
(1994).

Defendant Burkett responded to plaintiff's May 8,
2007, request for additional records on May 15, 2007,
explaining that the records could not be located and
stating that the records would be sent when they were
located.   He "heard nothing further [from plaintiff]
until April 3, 2013." [almost five years later]
Declaration of Floyd Burkett (#28) p. 2.

5 - ORDER

The record does not indicate precisely when plaintiff's "missing" records were located. Plaintiff implies that the records could have been located sooner than they were. However, there is no evidence to support such an implication.

Even if the records were not sent immediately after they were located, and defendant's failure to find or send plaintiff's records could be characterized as negligent, and I find it was not, negligence is not a proper basis for liability under 42 U.S.C. § 1983. See, Daniels v. Williams, 474 U.S. 327 (1986; Davidson v. Cannon, 474 U.S. 344 (1986). Moreover, negligence does not constitute deliberate indifference.

It is undisputed that upon being contacted by plaintiff on April 3, 2013, defendant Burkett responded promptly and sought to accommodate plaintiff's request by defendant to obtain the appropriate release from plaintiff so that he could legally release the records. After plaintiff's complaint was filed, but before a request for waiver of service was ordered by the court and before defendants had any notice of plaintiff's complaint, defendant Burkett sent the requested records without charge. Plaintiff's affidavit acknowledges that he received copies of the records on August 16, 2012.

6 - ORDER

Affidavit of Melvin Brecht (#38) p. 69.

Under these circumstances plaintiff cannot establish that defendants were deliberately indifferent to his serious medical need.[1]

Plaintiff also alleges that defendants' failure to provide him with his medical records violated his right of access to the court. Plaintiff's claim apparently is that he needed his old medical records as evidence in another lawsuit he has filed against the Idaho Corrections Center.

In order to establish a violation of the constitutional right of access to the courts a prisoner must establish the inadequate access caused him an actual injury with respect to existing or contemplated litigation, such as the inability to present a claim or meet a filing deadline. Lewis v. Casey, 518 U.S. 817 (1977); *see also*, Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994) (to establish an actual injury, the inmate must demonstrate a specific instance in which he

---

[1]Although not alleged as a claim, plaintiff alleges in his Affidavit (#39) that the copies of his records provided by defendant Burkett are not "clear enough to read" in their entirety. However, plaintiff has not alleged or submitted any evidence that any defendants named in this case purposefully diminished the quality of the copied records sent to him, or deliberately provided him with unreadable copies. Plaintiff has not submitted copies of the records or established that they are in fact unreadable.

7 - ORDER

was actually denied access to the courts).

In this cases, plaintiff does not identify a specific lawsuit that he filed in which his ability to present a claim or meet a filing deadline was impeded by the lack of medical records at issue in this case or any other "actual injury" resulting from defendants' alleged conduct. In short, there are no facts in the record from which it could be found that defendants' interfered with plaintiff's access to the courts.

Based on all of the foregoing, I find that defendants are entitled to judgment as a matter of law. It is not necessary to address the other issues raised in defendants' motion.

Defendants' Motion for Summary Judgment (#26) is allowed. The Clerk is directed to enter a judgment dismissing this action with prejudice.

*Any appeal from this order or judgment of dismissal would be frivolous and not taken in good faith.*

DATED this 9 day of May, 2013.

_____
Ann Aiken
United States District Judge